IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00152

| | |
|---|---|
| MODERN AUTOMOTIVE NETWORK, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| EASTERN ALLIANCE INSURANCE GROUP, EASTERN ALLIANCE INSURANCE COMPANY, EASTERN ADVANTAGE ASSURANCE COMPANY and ALLIED EASTERN INDEMNITY COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**Notice of Removal**

_____

Defendants, by and through their undersigned counsel, hereby give notice of removal of this matter from the Superior Court of Forsyth County, North Carolina to the United States District Court for the Middle District of North Carolina. Defendants state the following grounds in support of removal:

1. On or about January 20, 2017, a Complaint was filed in the Superior Court of Forsyth County, North Carolina entitled *Modern Automotive Network, LLC v. Eastern Alliance Insurance Group, Eastern Alliance Insurance Company, Eastern Advantage Assurance Company, and Allied Eastern Indemnity Company* as Case No. 17-CVS-394.

2. A copy of a summons and a copy of the Complaint were received by Defendants on or about January 24, 2017. Accordingly, this removal is timely under 28 U.S.C. § 1446.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff alleges that Defendants are citizens of different states, and that the amount in controversy exceeds $75,000.00.

4. More specifically regarding citizenship, Plaintiff is a limited liability company organized under the laws of North Carolina, with its principal place(s) of business in North Carolina, and (upon information and belief), all of the constituent members of Plaintiff are citizens or residents of North Carolina. None of Defendants are citizens of North Carolina, and no Defendant has a principal place of business in North Carolina. Eastern Alliance Insurance Group is a fictitious or trade name and not a separate entity, and thus its citizenship is not considered for removal purposes.

5. More specifically regarding the amount in controversy, Plaintiff repeatedly prays for relief *in excess* of $25,000. (Complt. ¶¶ 86, 90, 99, 106). Plaintiff thus seeks *at least* $25,000.01. Plaintiff also seeks treble damages. (Complt. ¶¶ 100, 107). Thus, Plaintiff seeks at least $75,000.03; an amount which exceeds the $75,000 floor of federal jurisdiction specified in 28 U.S.C. § 1332. Additionally, Plaintiffs seek a statutory award of attorney's fees under N.C.G.S. §75-16.1 which, if taxed against Defendants, would further push the amount in controversy above the floor set by 28 U.S.C. § 1332.

6. Plaintiff specifically alleges that one worker's compensation claim was settled for $200,000, while Plaintiff's general counsel believed the case should have been settled "in the range of $75,000." (Complt. ¶ 30-36, 41). Plaintiff specifically seeks damages for "inflated settlement amounts. . ." (Complt. ¶¶ 86, 90, 99, 106). Plaintiff thus plausibly seeks at least $125,000 based on these allegations, and may seek to treble this number. Such an amount far exceeds the amount in controversy requirement of 28 U.S.C. § 1332.

7. This Court is a proper court for removal under 28 U.S.C. § 1446(a) because it is located in the District and Division where the State Court action is pending.

8. All documents associated with Case No. 17-CVS-394 of which Defendants are aware are attached hereto.

9. All Defendants are represented by the same counsel and all Defendants consent to removal.

10. A copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of Forsyth County, North Carolina and served on the other parties to this action forthwith. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit A.

WHEREFORE, Defendants respectfully request that the above action now pending against them in the Superior Court of North Carolina, in and for the County of Forsyth, be removed from there, and to this United States District Court for the Middle District of North Carolina.

Respectfully submitted, this the 23rd day of February, 2017.

/s/ Jonathan R. Reich_____
Reid C. Adams, Jr., NC State Bar # 9669
Jonathan R. Reich, NC State Bar #41546
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston Salem, North Carolina 27101
Telephone: (336)721-3600
Facsimile: (336) 721-3660
Email: cadams@wcsr.com
Email: jreich@wcsr.com


Thomas French
   *Pro Hac Vice to be Submitted*
William Boak
   *Pro Hac Vice to be Submitted*
RHOADS & SINON LLP
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
Telephone: (717) 231-6625
Facsimile: (717) 238-8622
Email: tfrench@rhoads-sinon.com
Email: wboak@rhoads-sinon.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that on February 23, 2017, a copy of the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of Court using CM/ECF system.

It is further certified that on February 23, 2017, a copy of the foregoing **NOTICE OF REMOVAL** was sent to the following non-CM/ECF participants via United States First-Class Mail:

Andrew L. Fitzgerald
D. Stuart Punger
FITZGERALD LITIGATION
119 Brookstown Avenue, Suite 402
Winston-Salem, NC  27101
*Counsel for Plaintiff*

/s/  JONATHAN R. REICH_____
JONATHAN R. REICH
N.C. State Bar No. 41546
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
E-mail: jreich@wcsr.com
*Counsel for Defendants*